■ COLUMBIA GAS OF NEW YORK, INC., Respondent-Appellant, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant-Respondent.— SWEENEY, J. Cross appeals from an order of the Supreme Court at Special Term, entered July 17, 1969 in Broome County, which denied defendant's motion to dismiss the first cause of action and granted its motion to dismiss the second cause of action. Plaintiff and defendant are competitors in the Binghamton area for the supply of gas heating and electric heating respectively. Defendant in negotiating for contracts with certain municipalities is offering lower heat rates for lighting energy if a building is heated by electricity and if the energy from lighting contributes at least 25% of the heat required for the particular building. Plaintiff sets forth two causes of action in its complaint: (1) for a declaratory judgment decreeing that the contracts being offered by defendant for furnishing lighting to municipalities at the lower heating rate will be granting an undue and unreasonable preference to such customers in violation of subdivisions 2 and 3 of section 65 of the Public Service Law, and seeking damages therefor, and (2) for an injunction against entering into such contracts in violation of section 340 of the General Business Law. Special Term, on a motion to dismiss the complaint, pursuant to CPLR 3211 (subd. [a]), sustained the first cause of action and dismissed the second cause of action. Both parties have appealed to this court from so much of the order as is unfavorable to them.

Plaintiff had previously pursued an action against defendant based on similar rates being charged by defendant as they applied to furnishing electricity to the general public, pursuant to an interpretation of a rate schedule filed by defendant with the Public Service Commission. Defendant thereafter filed an amendment to its rate schedules articulating this practice, and the commission, after a hearing, disapproved the practice. At the outset, we conclude that the prior action is not *res judicata*. Furthermore, the order of the Public Service Commission does not apply to defendant's offering to contract with municipalities. By the first cause of action, plaintiff, in substance, alleges that the defendant is offering to sell electric lighting energy to municipalities under contracts at rates which violate the provisions of subdivisions 2 and 3 of section 65 of the Public Service Law. Plaintiff asserts that this practice constitutes an unjust discrimination and an undue preference to certain of its municipal customers. Thus, it is charged, the effect of defendant's conduct is that municipalities which use gas or fuel oil to heat their buildings will pay more for lighting than those which heat with electricity. Defendant, on the other hand, argues initially that because of the exemption contained in subdivision 12 of section 66 of this statute, section 65 does not apply to municipal contracts. Defendant contends, in any event, that because of the very nature of the subject matter, the claim is one that should be resolved by the Public Service Commission and not by the courts. Section 66 sets forth the general powers of the Public Service Commission in respect to gas and electricity. It clothes the commission with necessary powers to supervise, control and oversee the sale and distribution of gas and electricity in this State. Subdivision 12 of section 66 deals with the filing of schedules and contracts by gas and electric corporations, excepting its provisions from municipal contracts. Where there is no contract in existence this limitation has no application. This subdivision, in our opinion, does not limit the jurisdiction of the Public Service Commission in investigating rate setting concepts utilized in determining rates to be charged for services to be supplied under contract to municipalities. Nor does it prevent this court from determining whether defendant's offer to contract with municipalities is discriminatory or allows an unreasonable preference in violation of subdivisions 2 and 3 of section 65. (See *People ex rel. Village of South Glens Falls* v. *Public Serv. Comm.*, 225 N. Y. 216; *City of New York* v. *Maltbie*, 274 N. Y. 90; *Matter of City of Buffalo* v. *Public Serv. Comm.*, 40 Misc 2d 926.) The case of *Jamaica Water Supply Co.* v. *City of New York* (279 N. Y. 342) is not inconsistent or contrary to what we are here holding. Construing the allegations of the first cause of action liberally, as we must, it does, in our opinion, state a cause of action. The remaining question as far as this cause of action is concerned is whether we should refuse to take jurisdiction even though a violation of section 65 has been alleged. Since we have sustained this cause of action we should not at this posture of the litigation refuse jurisdiction. The second cause of action was dismissed by Special Term on the technical ground that the complaint does not allege that notice of the action was given to the Attorney-General, holding that subdivision 5 of section 340 of the General Business Law requires such an allegation. Plaintiff contends that this is not required since the language of the statute does not provide for it, as does the language of section 50-i of the General Municipal Law. The appropriate part of subdivision 5 reads as follows: "At or before the commencement of any civil action by a party other than the attorney-general for a violation of this section, notice thereof shall be served upon the attorney-general." With the plaintiff's contention we agree. We do not believe that the Legislature intended the notice to the Attorney-General to be a condition precedent of the cause of action. The purpose of section 340 of the General Business Law is to prevent restraint of trade and the creation of monopolies. The Attorney-

General, as the chief law officer of the State, has a keen interest in any litigation brought under·this act. There are circumstances when he himself would be the proper party to institute an action under this statute. (General Business Law, § 342; *Blake* v. *Frick*, 20 Misc 2d 520, app. dsmd., 9 A D 2d 893; 37 N. Y. Jur., Monopolies, Combinations and Restraints of Trade, § 52.) It is, therefore, understandable why the Legislature amended section 340 to provide for notice to the Attorney-General at the time of commencement of any civil action under this section. By section 50-i of the General Municipal Law the municipality is the party defendant and requires prompt notice of the claim against it in order to permit an early investigation. With this in mind, the Legislature has specifically provided in section 50-i that an allegation of service of the notice is required. Such an allegation was not mandated in subdivision 5 of section 340 of the General Business Law, we believe, for a very good reason. The Legislature required the notice in section 340 to apprise the Attorney-General that such an action was commenced so that he would be aware of the circumstances. Consequently, the failure to allege it in the complaint does not render the complaint defective. We turn next to the merits of the motion to dismiss this second cause of action. The question to be answered is whether or not the plaintiff has alleged a cause of action in violation of section 340 of the General Business Law. The purpose of this statute is to prevent parties from acting together to create a monopoly or suppress competition. By paragraph 14 of the complaint defendant, in substance, is charged with offering to enter into contracts to provide electricity for lighting at a lower heating rate with municipalities using electricity as the sole source of space heating. By paragraph 25 it is alleged, in substance, that this practice will restrict municipalities who install lighting in their choice of energy for space heating. It is not our purpose on a motion testing the sufficiency of the complaint to speculate whether or not plaintiff can prove these allegations. For the purpose of this motion we assume they can. This being so, and giving the complaint a liberal construction, we conclude that it states a good second cause of action. (*Cohn* v. *Lionel Corp.*, 21 N Y 2d 559, 562.) Order modified, on the law and the facts, so as to deny the motion to dismiss the second cause of action, and, as so modified, affirmed, without costs. Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J. Herlihy, P. J., concurs in the result, in a memorandum. Herlihy, P. J. (concurring in the result). As to the first cause of action, the present record establishes that the proof required on this cause of action is not so complex as to necessitate the expertise of the Public Service Commission and, accordingly, the defendant has failed to allege any reason sufficient to warrant refusal of jurisdiction. As to the second cause of action, I concur on the limited ground that the complaint in its entirety alleges that the defendant has furnished electricity at a lower rate (see complaint, pars. 10–15) and these allegations of consummated acts constitute the basis for a finding of a cause of action sufficient to defeat the motion to dismiss the complaint.