■ EAST ISLIP UNION FREE SCHOOL DISTRICT, Appellant-Respondent, v EDUCATIONAL FOOD MANAGEMENT SERVICES, INC.,

Respondent-Appellant. [612 NYS2d 652] —In an action to recover damages, *inter alia,* for unjust enrichment, the plaintiff appeals and the defendant cross-appeals, from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered August 18, 1992, which, after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $12,337.31.

Ordered that the judgment is reversed, on the law, and the complaint is dismissed, with costs to the defendant.

From September 1, 1983, through June 30, 1986, the plaintiff, East Islip Union Free School District (hereinafter the District), contracted with the defendant, Educational Food Management Services, Inc. (hereinafter EFM), to provide free and reduced-cost lunches to eligible students in connection with a program subsidized by both the Federal and State governments. In conjunction with the program, the Federal government provided the District with food commodities such as beef, flour, etc., which had to be processed before they could be included in the lunches.

Under the terms of the parties' contract, EFM was required to use these federally donated food commodities, but the District was liable, *inter alia,* for "[a]ny charges incurred in the processing or the purchase of products containing government commodities." EFM was to be compensated a fixed sum for each lunch it provided based on the bid price per meal, which consisted of an administrative fee and EFM's direct costs of operations. Expressly excluded from EFM's direct costs of operations was the cost of processing the Federal food commodities. Thus, the District was to reimburse EFM separately for any costs it incurred in the processing of Federal food commodities.

In 1986, the District became convinced that it had overpaid EFM during the term of the contract, and, in 1987, it brought the present action to recover such overpayments. In its answer, although EFM set forth general denials of the District's claims, it failed to allege any affirmative defenses or to assert a counterclaim against the District.

A nonjury trial was subsequently held. The District introduced evidence that it had overpaid EFM by $95,343 during the term of the contract. It later reduced its claim, upon the stipulation of the parties, to $91,299. Over the District's objection, the court permitted EFM to introduce invoices showing that it had incurred more than $144,000 in costs related to the Federal food commodities for which it had not

been reimbursed. In its decision, the trial court stated, "When [EFM's] costs [to process Federal food commodities] are subtracted from the amount claimed by the [District], the total amount due the [District] as overpayment is reduced from $95,434.00 *[sic]* * * * to $12,337.13 for the three year period." A judgment for that amount was subsequently entered in favor of the District and against EFM. This appeal by the District and cross appeal by EFM ensued.

Notwithstanding EFM's failure to assert it as an affirmative defense, we find that the trial court properly allowed EFM to prove that it had not been reimbursed for costs that it had incurred in processing Federal food commodities as a defense to the District's claim that it had overpaid EFM under the contract *(see, Northway Eng'g v Felix Indus.,* 77 NY2d 332; *Kwasny v Feinberg,* 157 AD2d 396). Furthermore, we note that the District failed to allege sufficient facts in its complaint to fairly apprise EFM of the cause of action to which the defense could have been interposed *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.18).

We find, however, that the amount by which the court reduced the District's claim of overpayment was incorrect. EFM introduced evidence, which was credited by the trial court, that it had incurred costs exceeding $144,000 to process Federal food commodities. There was no evidence that the District had reimbursed EFM for any portion of those costs. Thus, the District's claim should have been offset by the full amount of EFM's costs of processing Federal food commodities. Since EFM's costs exceeded the amount by which the District claimed it had overpaid EFM under the contract, we reverse the judgment and dismiss the complaint.

Finally, satisfaction of the notice of claim requirements *(see,* Education Law § 3813 [1]) is a condition precedent to bringing an action against a school district, and the failure to present a claim within the statutory time period is a fatal defect *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). Thus, EFM's motion for leave to assert a counterclaim against the District was properly denied. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.