■ STANLEY BERNSTEIN et al., Appellants, v 1995 ASSOCIATES et al., Respondents. [630 NYS2d 68] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 7, 1994, which granted defendant 1995 Associates' motion for dismissal of plaintiffs' eighth cause of action and directed plaintiff to serve and file an amended complaint setting forth a discrimination claim for compensatory damages under the Executive Law and deleting any claim for damages under the Administrative Code of the City of New York, is unanimously reversed, on the law and the facts, without costs, to the extent appealed from, and the eighth cause of action is reinstated, with the exception of the claim for punitive damages under Executive Law article 15.

This action arises out of a lease agreement between defendant 1995 Associates, which is the owner and landlord of the building designated as 1995 Broadway, New York, New York, and Bradford Associates, which leased a certain area of the building. Bradford Associates thereafter subleased the entire second floor and a portion of the third floor to plaintiffs Stanley Bernstein, M.D., and his professional corporation, Pyramid

Physician, P. C. Relevant herein is Dr. Bernstein's practice, which caters to low-income individuals and regularly involves the treatment of HIV-positive patients and the provision of abortions.

Bradford Associates defaulted in its rent payments in December 1989 and January 1990 (there is no dispute that Dr. Bernstein paid rent to Bradford Associates during those months) and in January 1990, defendant commenced a non-payment summary proceeding in New York County Civil Court and named Dr. Bernstein as the undertenant. Plaintiffs allege that an agreement was reached between them and 1995 Associates whereby plaintiffs would withdraw their answer in the summary proceeding, thereby allowing 1995 Associates to acquire a default judgment against Bradford Associates, and in return defendant would immediately enter into negotiations for the purposes of consummating a direct lease with plaintiffs.

Plaintiffs assert, however, that 1995 Associates breached the agreement by, *inter alia*, failing to offer negotiable terms for a lease, refusing to rent space at fair market value, and refusing to lease them the same amount of space previously occupied. Plaintiffs subsequently commenced the instant action in June 1990 and amended their complaint in July 1990, interposing eleven causes of action seeking both monetary damages and equitable relief. Of relevance herein is the eighth cause of action, which asserts that 1995 Associates, by leasing to defendant World Challenge, Inc. (an organization plaintiffs accuse of having ties to the religious right) and not to plaintiffs, practiced discrimination against plaintiffs' patients, who are largely female, non-white and/or AIDS victims.

Defendants moved to dismiss the amended complaint on various grounds and, with regard to the eighth cause of action, defendants argued the lack of connection between failed lease negotiations and illegal discrimination. In an order entered April 26, 1991, Justice Huff dismissed a number of the causes of action on various grounds, including the eighth cause of action, where it was held that plaintiffs "failed to allege any basis to establish defendants' acts are rooted in discriminatory practices or that such acts were motivated by discrimination."

This Court subsequently modified that order (185 AD2d 160) and denied defendants' motion in its entirety. As to the eighth cause of action, we found that the "acts alleged stated a valid cause of action despite the fact that Dr. Bernstein was not the actual victim of discrimination" (*supra*, at 163, citing *National Org. for Women v State Div. of Human Rights*, 34 NY2d 416; *Matter of Barton v New York City Commn. on Human Rights*, 140 Misc 2d 554, *affd in part and mod in part* 151 AD2d 258).

In the interim, plaintiffs propounded the second and current amended complaint in which the eighth cause of action remains unchanged. In ensuing motion practice, plaintiffs sought leave to serve a third amended complaint, which leave was denied. Justice Huff noted that the eighth cause of action was apparently based on either title 8 of the Administrative Code of the City of New York or section 290 *et seq.* of the Executive Law. This Court affirmed the IAS Court's order for the reasons stated by Justice Huff (198 AD2d 11, *lv dismissed* 83 NY2d 801, *rearg denied* 83 NY2d 954).

In motion practice before the Court of Appeals, plaintiffs contended that the eighth cause of action was grounded in both the State Human Rights Law and title 8 of the Administrative Code. Defendant subsequently made the within motion to dismiss the eighth cause of action based upon plaintiffs' undisputed failure to comply with Administrative Code § 8-502 (c), which requires that a copy of a title 8 complaint be served on the City Commission of Human Rights and the New York City Corporation Counsel prior to commencement of a civil action.

The IAS Court dismissed as much of the eighth cause of action as sought punitive damages under the Executive Law, on the authority of *Thoreson v Penthouse Intl.* (80 NY2d 490). This result is not disputed on appeal. The IAS Court went on to conclude that the relevant Administrative Code provision constituted a condition precedent to the civil action, based upon the use of the word "shall" within that provision. Justice Huff found no impediment to defendant raising the issue of the condition precedent, holding that *res judicata* and similar doctrines did not apply because the eighth cause of action "was so vague that [defendant] cannot reasonably be penalized for failing to raise the defense." Plaintiffs appeal and we now reverse.

Initially, we agree with the IAS Court that defendant did not waive the affirmative defense based on Administrative Code § 8-502 as a defendant is not expected to plead an affirmative defense when it is legitimately ignorant of the basis for it (*Modern Holding Co. v Ridgewood Sav. Bank*, 210 AD2d 465) and it is not enough for plaintiffs to assert that defendant should somehow have guessed the statutory basis for the eighth cause of action.

In any event, defendant's claim need not be pleaded as an affirmative defense as it has been held that notice provisions set forth in the General Municipal Law are not waived, even if they are not interposed as an affirmative defense (*see, e.g.,*

*Kroin v City of New York*, 210 AD2d 95; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492). The same holds true herein.

Plaintiffs' argument that defendants, having already made a multi-ground CPLR 3211 motion, are barred from making another such motion, is without merit as the sufficiency of the complaint can be raised at any time (*see, McLearn v Cowen & Co.*, 60 NY2d 686, 689; *Daley v Related Cos.* 210 AD2d 76; *Albemarle Theatre v Bayberry Realty Corp.*, 27 AD2d 172, 178).

We similarly reject plaintiffs' claim that the doctrine of *res judicata* precludes defendants from contesting the sufficiency of the eighth cause of action as the vagueness of the pleadings, devoid of any reference to the Administrative Code, did not give defendants a full and fair opportunity to raise the issues on the first motion (*Weisman v Weisman*, 107 AD2d 805).

Administrative Code § 8-502 (c) states: "Prior to commencing a civil action pursuant to subdivision a of this section, the *plaintiff shall serve a copy of the complaint upon the city commission on human rights and the corporation counsel.*" (Emphasis added.)

Turning to the merits of the appeal, we disagree with the IAS Court's finding that the foregoing provision sets forth a condition precedent to maintaining a valid cause of action under title 8 of the Administrative Code. Initially we note that there is no express language in the section to that effect, as is found in various other statutory provisions. (*See, e.g.,* General Municipal Law § 50-c [1] which provides, *inter alia,* "No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, *shall be prosecuted or maintained against the municipality, fire district or appointee, unless notice of claim shall have been made and served*" [emphasis added]; *see, to the same effect,* General Municipal Law § 50-d [2]; § 50-i [1]; § 50-j [3]; § 50-k [6]; Education Law § 3813 [1] [*East Islip Union Free School Dist. v Educational Food Mgt. Servs.*, 205 AD2d 489, 491 (satisfaction of notice of claim requirements is condition precedent to bringing action against school district)]; Town Law § 65-a [2] [*Bloch v Potter*, 204 AD2d 672, 673-674 (service of written notice is condition precedent to maintaining action)].)

Rather we find the language of Administrative Code § 8-502 (c) akin to General Business Law § 340 (5), which provides, in relevant part: "An action to recover damages caused by a violation of this section must be commenced within four years after the cause of action has accrued. * * * At or before the commencement of any civil action by a party other than the

attorney-general for a violation of this section, *notice thereof shall be served upon the attorney-general.*" (Emphasis added.)

In reviewing this language, the Court of Appeals held that: "[T]he plaintiff's failure to allege that notice of the commencement of this action had been given to the Attorney-General does not render the complaint defective [citation omitted]. The requirement that notice be given is designed solely 'to apprise the Attorney-General that such an action was commenced so that he would be aware of the circumstances.' [citation omitted]." (*Columbia Gas v New York State Elec. & Gas Corp.*, 28 NY2d 117, 129; *see also, Duhamel v Multiple Listing Serv.*, 108 Misc 2d 67, 70.)

In view of the foregoing, we conclude that the language of Administrative Code § 8-502 (c) was designed not to create a condition precedent, but to serve as a device by which the City Commission on Human Rights and the New York City Corporation Counsel would be apprised of any actions commenced under title 8. It was, therefore, error for the IAS Court to dismiss that portion of the eighth cause of action which stated a claim under title 8 of the Administrative Code. Concur—Rosenberger, J. P., Ellerin, Rubin, Ross and Tom, JJ. [As amended by unpublished order entered Oct. 5, 1995.]