**Willis CROSLAND, Plaintiff–Appellant,**

v.

**Howard SAFIR, as Police Commissioner of the City of New York, and as the Chairman of the Board of Trustees of the Police Pension Fund Article II, the Board of Trustees of the Police Pension Fund Article II, New York City Police Department, the City of New York and the Comptroller of the City of New York, Defendants–Appellees.**

**Docket No. 01–7619.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Fred Lichtmacher, Jackson Heights, NY, for Appellant.

Julie Steiner, for Michael A. Cardozo, Corporation Counsel of the City of New York (Edward F.X. Hart, of counsel), New York, NY, for Appellee.

Present MESKILL, CALABRESI and B.D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is hereby AFFIRMED.

Plaintiff–Appellant, Willis Crosland, complained in district court of violations by the defendants of his First Amendment, Due Process, and Equal Protection rights and his rights under federal and state antidiscrimination laws and state and federal labor laws. The district court (Scheindlin, *J.*) granted summary judgment to the defendants on all of the federal claims and dismissed Crosland's state claims without prejudice. On appeal, Crosland argues only that the district court was incorrect in granting summary

judgment on his claim that he was retaliated against in violation of 42 U.S.C. § 1983. He asserts that the retaliation occurred after he had reported the illegal activity of a fellow New York City police officer in 1982 and had testified before Congress about ensuing acts of retaliation against him.

In his complaint, Crosland sought damages for acts of retaliation he allegedly suffered from 1983 until 1998. The statute of limitations for § 1983 actions brought in New York is three years, which is the period specified in New York's residual statute of limitations for personal injury actions. *See Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir.1997). Although only a few of the allegedly retaliatory actions took place recently enough not to be subject to the limitations statute, Crosland urges that he was continuously retaliated against under an unwritten policy (the Blue Wall of Silence) of the New York City Police Department. Accordingly, he argues that, under our "continuing violation doctrine," *see Weeks v. New York (Division of Parole),* 273 F.3d 76, 82 (2d Cir.2001), the statute of limitation permits him to include all of the events dating back to 1983.

Since we agree with the district court that Crosland "has failed to adduce any evidence demonstrating that his constitutionally protected speech was a substantial motivating factor for the actions and decisions taken after [the limitations period began]," Crosland's § 1983 claim fails. Without evidence that a plaintiff's protected speech caused maltreatment, a hostile working environment, or an adverse employment action within the limitations period, a plaintiff cannot invoke the continuing violations doctrine. And this remains true, whatever the scope of that doctrine with respect to First Amendment retaliation cases after the Supreme Court's decision in *National Railroad Passenger Corpora-*

*tion v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Crosland's claims based on instances of retaliation that occurred before the limitations period are, therefore, time-barred. And, as we have noted, there is no evidence that the actions of which Crosland complains and which did occur within the limitations period were in retaliation for Crosland's protected speech. It follows that summary judgment was properly granted to the defendants on all of the grounds that Crosland appeals.

We have considered all of Appellant's arguments and find them meritless. The judgment of the district court is AFFIRMED.