OPINION OF THE COURT
Robert J. Muller, J.
In February 2013, plaintiff commenced full-time employment with defendant North Country Janitorial, Inc. (hereinafter NCJ) as a restoration field technician. Plaintiff was thereafter promoted to director of restoration and marketing development in May 2013, with a base salary of $47,500 and commissions based on the monthly gross revenue of the Restoration Division. Specifically, plaintiff was to receive 0% of monthly gross revenue under $35,000; 3% of monthly gross revenue of $35,000-$43,999;* 4% of monthly gross revenue of $45,000-$64,999; and 5% of monthly gross revenue of $65,000 and above.
In June 2014, defendant Matthew Montesi — the president and owner of NCJ — apparently “burst into plaintiff’s office and told him that his payout program would no longer be in effect.” Plaintiff then received no commission payments for the months *883 of June and July 2014. In August 2014, Montesi advised plaintiff that his compensation package had changed and he would now be receiving a base salary of $47,500, plus commissions based on the monthly net profit of the Restoration Division. Specifically, plaintiff was to receive “10% of any net profit” and “2% discretionary bonus, if applicable.” With the new compensation package based on monthly net profit — as opposed to monthly, gross profit — plaintiff became concerned about the financial condition of the Restoration Division. As a result, he requested access to information pertaining to the Restoration Division’s income and expenses several times, which requests were denied.
Plaintiff received reduced commission payments in August, September and October 2014. He then received no commission payments in November and December 2014 and January and February 2015. By email dated February 16, 2015 to Montesi and Christopher Barden — NCJ’s chief operating officer— plaintiff requested that a monthly reporting system be implemented whereby he would receive specific financial information regarding the income and expenses of the Restoration Division, which formed the basis of his new commission payments. Plaintiff did not receive any response to this email and, on February 24, 2015, was advised that his position had been eliminated. Plaintiff commenced this action on October 9, 2015 alleging three causes of action: (1) breach of his employment contract; (2) failure to pay wages in violation of Labor Law article 6; and (3) retaliation in violation of Labor Law article 7. Presently before the court is defendants’ pre-answer motion to dismiss the second and third causes of action and plaintiff’s cross motion to amend the complaint. The motion and cross motion will be addressed in seriatim.
“On a motion to dismiss for failure to state a cause of action, [the court] must ‘afford the pleadings a liberal construction, accept the facts alleged therein as true, accord the plaintiff the benefit of every possible inference and determine whether the facts alleged fit within any cognizable legal theory’ ” (Nelson v Capital Cardiology Assoc., P.C., 97 AD3d 1072, 1073 [2012], quoting Matter of Upstate Land & Props., LLC v Town of Bethel, 74 AD3d 1450, 1452 [2010]).
With respect to the second cause of action, defendants contend that plaintiff failed to state a cause of action for the *884 failure to pay wages because the monthly commissions do not constitute wages under Labor Law § 190 (1). Rather, according to defendants, these monthly commissions were part of an incentive compensation plan.
Labor Law § 190 (1) defines “wages” as “the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.” “It is settled that ‘[t]he term “wages,” despite its broad definition ... does not encompass an incentive compensation plan’ ” (Truelove v Northeast Capital & Advisory, 268 AD2d 648, 649 [2000], affd 95 NY2d 220 [2000], quoting Matter of Dean Witter Reynolds v Ross, 75 AD2d 373, 381 [1980] [citation omitted]; see Magness v Human Resource Servs., 161 AD2d 418, 419 [1990]). “Compensation will be found to be part of an incentive compensation plan where an employee receives a guaranteed salary and may also receive supplemental income based upon the dual performance of the employee and the business or as a result of other factors outside of the employee’s control” (Truelove v Northeast Capital & Advisory, 268 AD2d at 649 [emphasis added]; see Matter of Dean Witter Reynolds v Ross, 75 AD2d at 381 [citations omitted]). “The dispositive factor in determining whether compensation constitutes wages is not the labeling of the plan but whether the compensation is vested and mandatory as opposed to discretionary and forfeit-able” (Truelove v Northeast Capital & Advisory, 268 AD2d at 649; see Caruso v Allnet Communication Servs., 242 AD2d 484, 484-485 [1997]).
Affording the pleadings a liberal construction and accepting the facts alleged therein as true, the court finds that plaintiff has succeeded in stating a cause of action for the failure to pay wages with respect to the commission payments due and owing from May 2013 to June 2014. Plaintiff has alleged that these commission payments were mandatory and not discretionary. The court similarly finds that plaintiff has succeeded in stating a cause of action for the failure to pay wages with respect to that portion of the commission payments due and owing from August 2014 to February 2015 which were comprised of “10% of any net profit.” Again, plaintiff has alleged that this portion of the commission payments was mandatory and not discretionary. With that said, the court finds that plaintiff has failed to state a cause of action for the failure to pay wages with respect to that portion of the commission payments due and owing from August 2014 to February 2015 *885 which were comprised of “2% discretionary bonus, if applicable.” Indeed, the term “discretionary” is used to describe this portion of the commission payments and, as such, it cannot be alleged that this portion of the payments was mandatory.
With respect to the third cause of action, defendants contend that plaintiff failed to state a claim for retaliation. Specifically, defendants contend that plaintiff failed to allege that he complained about a specific violation of the Labor Law.
To state a claim under Labor Law § 215, “a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer’s violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result” (Higueros v New York State Catholic Health Plan, Inc., 526 F Supp 2d 342, 347 [ED NY 2007]; see Epifani v Johnson, 65 AD3d 224, 236 [2009]; Kelly v Xerox Corp., 256 AD2d 311, 312 [1998]). Significantly, “an employee need not ‘allege that [he] notified [his] employer of the exact section [of the Labor Law he] relies on’ ” (Antolino v Distribution Mgt. Consolidators Worldwide, LLC., 2013 NY Slip Op 31815[U], *5 [Sup Ct, NY County 2013], quoting Weiss v Kaufman, 2010 NY Slip Op 33261[U], *5 [Sup Ct, NY County 2010]). Rather, “[a]ll that is required is that the complaint to the employer be of a colorable violation of the statute” (Weiss v Kaufman, 2010 NY Slip Op 33261[U], *5; accord Antolino v Distribution Mgt. Consolidators Worldwide, LLC., 2013 NY Slip Op 31815[U], *5 [2013]).
Affording the pleadings a liberal construction and accepting the facts alleged therein as true, the court finds that plaintiff has succeeded in stating a claim for retaliation. Plaintiff alleges that he complained because he was not receiving his commission payments, as well as because he was not given access to the Restoration Division’s income and expenses, which information was requested after the payments were stopped. While plaintiff does not allege that he notified defendants of the exact section of the Labor Law upon which he was relying, his complaints were nonetheless of a colorable violation of the statute.
Defendants further contend that plaintiff failed to provide notice of this action to the Attorney General prior to its commencement and, as a result, the third cause of action must be dismissed.
Labor Law § 215 (2) (b) provides that “[a]t or before the commencement of any action under this section, notice thereof *886 shall be served upon the attorney general by the employee.” Neither the Court of Appeals nor the Appellate Division has addressed the question of whether the notice requirement set forth in Labor Law § 215 (2) (b) should be construed as a condition precedent to suit. The issue has been considered by certain lower courts, but with conflicting results (see Aurelien v Albert Augustine Ltd., 2012 NY Slip Op 32901[U], *5 [Sup Ct, NY. County 2012] [in the absence of any prejudice caused by late notice, plaintiffs retaliation claim not barred by the failure to comply with Labor Law § 215 (2) (b)]; Antolino v Distribution Mgt. Consolidators Worldwide, LLC, 2011 NY Slip Op 33138[U] [Sup Ct, NY County 2011] [dismissing plaintiff’s retaliation claim based upon the failure to comply with Labor Law § 215 (2) (b)]). Federal courts have also disagreed on the issue (see Robledo v No. 9 Parfume Leasehold, 2013 WL 1718917, *8, 2013 US Dist LEXIS 57383, *27-28 [SD NY, Apr. 9, 2013, No. 12 Civ 3579 (ALC/DF)] [plaintiffs retaliation claim not barred based upon the failure to comply with Labor Law § 215 (2) (b)]; Crosland v City of New York, 140 F Supp 2d 300, 312 [SD NY 2001], affd 54 Fed Appx 504 [2d Cir 2002] [dismissing plaintiffs retaliation claim based upon the failure to comply with Labor Law § 215 (2) (b)]).
In the absence of any direct precedent on the issue, this court — like the courts in Aurelien v Albert Augustine Ltd. and Robledo v No. 9 Parfume Leasehold — will look to the reasoning of the Court of Appeals in Columbia Gas of N.Y. v New York State Elec. & Gas Corp. (28 NY2d 117 [1971]). Columbia Gas involved General Business Law § 340 (5), which requires that “[a]t or before the commencement of any civil [antitrust] action . . . , notice thereof shall be served upon the attorney-general.” There, the case was allowed to proceed in the absence of timely notice under General Business Law § 340 (5), with the Court of Appeals stating as follows: “The requirement that notice be given is designed solely to apprise the Attorney-General that such an action was commenced so that he would be aware of the circumstances. It may not be considered a condition precedent to the plaintiff s'cause of action” (id. at 129 [internal quotation marks and citation omitted]). Applying this same reasoning, the court finds that plaintiffs failure to comply with Labor Law § 215 (2) (b) should not result in dismissal of the third cause of action. Indeed, plaintiff provided the Attorney General with notice of the action on December 15, 2015 which — while untimely — certainly did not result in any *887 prejudice (see Aurelien v Albert Augustine Ltd., 2012 NY Slip Op 32901[U] [2012]).
Based upon the foregoing, defendants’ motion to dismiss is granted to the extent that the aspect of the second cause of action alleging loss of wages for that portion of commission payments due and owing from August 2014 to February 2015 which were comprised of “2% discretionary bonus, if applicable” is dismissed, and the motion is otherwise denied.
Turning now to plaintiff’s cross motion, “[w]hether leave to amend a complaint should be granted rests within the sound discretion of the trial court, although leave should be freely granted if the amendment is not plainly lacking in merit and does not unduly prejudice or surprise the nonmoving party” (Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012] [citation omitted]; see Dever v DeVito, 84 AD3d 1539, 1541 [2011], lv dismissed 18 NY3d 864 [2012]; Architectural Bldrs. v Pollard, 267 AD2d 704, 705 [1999]).
Here, plaintiff seeks to amend the complaint so as to (1) include certain additional allegations relative to his claim for failure to pay wages in violation of Labor Law article 6; and (2) include an allegation that he served notice of his retaliation claim on the Attorney General as required under Labor Law § 215 (2) (b).
The court finds that these amendments arguably have merit and, further, that they will not result in any prejudice to defendants, who have yet to serve an answer.
Based upon the foregoing, plaintiff’s cross motion for leave to amend the complaint is granted in its entirety. Plaintiff is hereby directed to file and serve his amended complaint within 30 days of the date of this decision and order.
Therefore, it is hereby ordered that defendants’ motion to dismiss is granted to the extent that the aspect of the second cause of action alleging loss of wages for that portion of commission payments due and owing from August 2014 to February 2015 which were comprised of “2% discretionary bonus, if applicable” is dismissed, and the motion is otherwise denied; and it is further ordered that plaintiff’s cross motion for leave to amend the complaint is granted in its entirety; and it is further ordered that plaintiff is hereby directed to file and serve his amended complaint within 30 days of the date of this decision and order.

 These figures are taken from the complaint.