Kubersky v Cameron Indus., Inc. (2019 NY Slip Op 04882)





Kubersky v Cameron Indus., Inc.


2019 NY Slip Op 04882


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9650N 155666/16

[*1] Malka Kubersky, Plaintiff-Respondent,
v
Cameron Industries, Inc., et al., Defendants-Appellants.


Schlacter & Associates, New York (Jed R. Schlacter of counsel), for appellants.
Schwartz Perry & Heller, LLP, New York (Brian Heller of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 16, 2018, which denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff leave to amend her complaint, unanimously affirmed, without costs.
Plaintiff alleges she was employed by defendant Cameron from April of 2014 to October of 2014, when she was wrongfully terminated due to her participation in an unemployment hearing before the New York State Department of Labor. She commenced this action, alleging unlawful retaliation in violation of Labor Law § 215(1)(a), in July 2016, and served notice on the New York Attorney General of her action in September 2017. Defendants then moved for summary judgment, arguing that plaintiff had failed to provide notice of her action to the attorney general "at or before commencement" of it, as required by Labor Law § 215(2)(b).
In Columbia Gas of N.Y. v New York State Elec. & Gas Corp. (28 NY2d 117, 129 [1971]), which involved a similar provision in General Business Law § 340 requiring service of notice of an action on the attorney general "at or before commencement," the Court of Appeals concluded that the notice requirement "may not be considered a condition precedent to the plaintiff's cause of action," since the "requirement that notice be given is designed solely to apprise the Attorney General that such an action was commenced so that he would be aware of the circumstances" (id.).
In keeping with the precedent set by Columbia Gas, this Court finds that plaintiff's failure to serve notice on the attorney general until one year after commencing the action against her former employers, but during the course of litigation, does not require dismissal of her action (see Figura v North Country Janitorial, Inc., 53 Misc 3d 881 [Sup Ct, Warren County 2016]; Aurelien v Albert Augustine Ltd., 2012 NY Slip Op 32901[U], *1 [Sup Ct, NY County 2012]; see also Bernstein v 1995 Assoc., 217 AD2d 512 [1st Dept 1995] [interpreting notice provision of NYC Administrative Code § 8-502 consistent with Columbia Gas]; but see Silver v Equitable Life Assur. Socy. of U.S., 168 AD2d 367 [1st Dept 1990] [dismissing action under Civil Rights Law § 40-c due to failure to provide notice to Attorney General, without considering Columbia Gas]).
We note that the legislature is presumed to have been familiar with existing decisional law, including Columbia Gas, when it subsequently enacted Labor Law § 215(2)(b), and chose to use the same language used in General Business Law § 340 to require notice of the civil action be given to the Attorney General (see Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157 [1987]). In contrast, when enacting notice of claim provisions (e.g. General Municipal Law § 50—c[1]), the legislature has included express language making clear that notice to the municipality is a condition precedent to bringing an action against that municipality (see [*2]Bernstein, supra; Columbia Gas, 33 AD2d 1057, 1058-1059 [3d Dept 1970]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK