■ SYDELL LOIS TELLER, Appellant, v AMERICA WEST AIRLINES, INC., Respondent. [659 NYS2d 314] —In an action, *inter alia,* to recover damages for sexual discrimination, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated July 15, 1996, which, *inter alia,* granted the defendant's motion to dismiss the second amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the second amended complaint is reinstated.

The plaintiff commenced this action in March 1995, complaining of alleged misconduct which occurred in March 1992. She subsequently served an amended complaint which alleged additional misconduct occurring in August 1993. The plaintiff served a second amended complaint in December 1995 asserting a claim pursuant to Administrative Code of the City of New York § 8-502, which is subject to a three-year Statute of Limitations (*see,* Administrative Code § 8-502 [d]). It is undisputed that before serving the second amended complaint on the defendant, the plaintiff served copies upon the New York City Commission on Human Rights (hereinafter the Commission) and the Corporation Counsel of the City of New York.

The defendant thereafter moved to dismiss the new claim, contending that it was untimely because it was asserted more than three years after the March 1992 accrual date. Alternatively, the defendant argued that if the new claim was deemed to relate back to the original timely complaint of March 1995, then it violated Administrative Code § 8-502 (c), which requires service of the complaint upon the Commission and the Corporation Counsel prior to the commencement of an action under

that section. The Supreme Court agreed that "under either argument the action must be dismissed". We reverse.

Assuming, without deciding, that the relation back of the plaintiff's Administrative Code claim to the date of filing of the original complaint for Statute of Limitation purposes results in a failure to comply with Administrative Code § 8-502 (c), the court nevertheless erred in dismissing the complaint. It has been held that the requirement of prior service upon the Commission and the Corporation Counsel is not a condition precedent to the valid commencement of an action under title 8 of the Administrative Code (*see, Bernstein v 1995 Assocs.*, 217 AD2d 512; *see also, Quirk v Sherry*, 238 AD2d 274; *Westphal v Catch Ball Prods. Corp.*, 953 F Supp 475). Rather, the prior service requirement is designed merely to apprise the Commission and the Corporation Counsel of actions commenced under Title 8, and late service does not mandate dismissal of the action (*see generally, Columbia Gas v New York State Elec. & Gas Corp.*, 28 NY2d 117, 129).

We have considered the defendant's remaining contentions and find them to be without merit. Accordingly, the second amended complaint must be reinstated. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.