**Jerome KLEIN, Plaintiff,**

v.

**LONDON STAR LIMITED, Star Diamond Trading Co., Inc., Star Diamond Group, Inc., as Successor by Merger to London Star Limited and Star Diamond Trading Co., Inc., Danny Fiszman and Robert Polak, Defendants.**

**No. 98 Civ.2045 (RWS).**

United States District Court, S.D. New York.

Nov. 19, 1998.

The Law Offices of Ira Drogin, New York City, Laurent S. Drogin, of counsel, for Plaintiff.

Wolf Block Schorr and Solis–Cohen L.L.P., New York City, Lawrence L. Ginsburg, Carren Shulman, of counsel, for Defendants.

*OPINION*

SWEET, District Judge.

In this age discrimination action brought pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA"), the New York State Human Rights Law, N.Y.Exec.Law § 290 *et seq.* (the "State HRL"), and the New York City Human Rights Law, N.Y.C.Admin.Code § 8–101, *et seq.* (the "City HRL") (together with the State HRL, the "HRLs"), Defendants Daniel D. Fiszman ("Fiszman"), Robert Polak ("Polak") (together with Polak, the "Individual Defendants"), and Star Diamond Group, Inc. ("Star Group") (collectively with the Individual Defendants, the "Defendants"), as successor by merger to London Star Limited ("London") and Star Diamond Trading Co., Inc. ("Trading Co."), have moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the causes of action brought by Plaintiff Jerome Klein ("Klein") under the State and City HRLs on the grounds that this Court should decline to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(2) and (4) and that because Klein did not comply with N.Y.Admin.Code § 8–502, this Court lacks subject matter jurisdiction over the causes of action brought under the City HRL. Klein has cross-moved to dismiss Star Group's counterclaim alleging theft of trade secrets on the ground that it is a permissive counterclaim and no independent jurisdictional predicate exists. In the alternative, Klein seeks to amend his complaint to add a claim for retaliation.

For the reasons set forth below, both Defendants' motion and Klein's cross-motion are denied. Klein, however, is granted leave to amend the complaint to add a cause of action for retaliation.

*Parties*

Klein is an individual residing in the City and State of New York.

Star Group is a New York corporation with its principal place of business in New York, New York. It is the successor by way of merger to London and Trading Co. In May 1997, Trading Co. changed its name to Star Group, and in July 1997, Star Group merged with London, with the surviving entity known as Star Group.

Klein alleges that Fiszman was the majority shareholder of London and Trading Co., and that following the merger that resulted in the formation of Star Group, he was the chairman and majority shareholder of Star Group. Fiszman has also performed services for London, Trading Co., and Star Group. Defendants deny that Fiszman was a shareholder of London, Trading Co., or Star Group, but admit that he is a chairman of Star Group, and has in such capacity, performed services for Star Group.

According to Klein, Polak was a shareholder, employee, and chairman of the board of Trading Co. and an employee of London. Following the merger that resulted in the formation of Star Group, states Klein, Polak became a co-president of Star Group. Defendants counter that in June 1996 Polak

became an officer, but not a shareholder, of London and that following the merger he became an officer of Star Group. Prior to June 1996, Polak was a minority shareholder, officer, and employee of Trading Co.

### Facts and Prior Proceedings

According to Klein's complaint in this action (the "Complaint"), in January 1981, he became employed by London as a jewelry merchandiser. Following the merger of London and Trading Co. resulting in the entity Star Group, Klein continued his employment with London and also performed services for Trading Co. Klein asserts that beginning in November 1996, Polak commenced a campaign of verbal harassment against Klein based on and motivated by his age. The hostile work environment caused Klein to suffer physical and emotional problems. Klein contends that the harassment became unbearable and that in April 1997 he was constructively discharged. Klein states that although Fiszman was present for much of the abuse Klein was subjected to by Polak, he did nothing to discourage Polak and thus aided and abetted Polak's unlawful acts.

On January 2, 1998, Klein filed a charge of discrimination together with a supporting affidavit with the Equal Employment Opportunity Commission ("EEOC"), alleging a violation of the ADEA. Klein indicated thereon that he wished to have his EEOC charge "dual-filed" with the New York State Division of Human Rights. Klein received a right-to-sue letter from the EEOC, dated February 24, 1998.

Klein filed the Complaint in this action on March 20, 1998. On June 3, 1998, Defendants filed the instant motion along with their answer and Star Group's counterclaim. Klein filed his cross-motion on June 11, 1998. Oral arguments were heard on September 9, 1998, at which time the motions were deemed fully submitted.

### Discussion

**I. Defendants' Motion Requesting That This Court Decline to Exercise Supplemental Jurisdiction Over the State and City HRL Claims Is Denied At This Time**

The exercise of supplemental jurisdiction over nonfederal claims is governed by 28 U.S.C. § 1367. Section 1367(a) provides, in pertinent part, that:

> Except as provided in subsection[ ] ... (c), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A nonfederal claim is part of the same constitutional "case" under Article III if it derives from the same "common nucleus of operative fact" as the federal claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Klein's state law discrimination claims against Star Group and the Individual Defendants are based on the same "common nucleus of operative fact" as his federal claims against Star Group, and thus this Court has power to hear the pendent state law claims.

However, § 1367(c) expressly permits a district court to decline to exercise jurisdiction over a pendent claim if: "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ... or in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(2), (4).

"The statutory concept of supplemental jurisdiction codified and expanded somewhat the earlier judge-made doctrines of pendent and ancillary jurisdiction. Just as with the prior law of pendent jurisdiction, the exercise of supplemental jurisdiction is left to the discretion of the district court." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994). The decision whether or not to exercise supplemental jurisdiction under § 1367(c) involves considerations of judicial economy, convenience, comity, and fairness to litigants. *See id.; see also Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130; *Executive Software v.. U.S. Dist. Court*, 24 F.3d 1545, 1556–58 (9th Cir.1994). The Supreme Court has also noted that "there may be reasons independent of jurisdictional considerations, such as the likeli-

hood of jury confusion in treating divergent claims for relief, that would justify separating state and federal claims for trial, Fed. Rule Civ.Proc. 42(b)." *Gibbs,* 383 U.S. at 727, 86 S.Ct. 1130. If so, jurisdiction may be refused.

■ Defendants contend that the predominance of issues relating to the state claims and the potential for jury confusion militate in favor of dismissing the State and City HRL claims. They claim that several differences between the statutory schemes of the ADEA and the State and City HRLs justify such a finding since those differences will lead to unnecessary complexity and jury confusion.

According to Defendants, under the ADEA Klein is only entitled to back pay and, only if Klein can establish that discrimination was willful, liquidated damages in the amount of the back pay awarded. Alternatively, under the HRL Klein is entitled to compensatory damages, including back pay, front pay, and damages for emotional distress, as well as punitive damages under the City HRL. Thus, assert Defendants, the HRL claims require additional substantial elements of proof, such as Klein's mitigation of damages, including his attempts to find other employment (for front pay); expert witness testimony regarding the time until which Klein can be expected to work and his anticipated earnings (for front pay); significant discovery and trial testimony from fact and expert witnesses regarding Klein's emotional state and medical history—as Klein alleges that his diabetes worsened as a result of the alleged harassment and that he suffered severe emotional distress—before, during, and after the alleged discrimination; proof of mitigation by Defendants (for punitive damages); and proof of Fiszman's and Polak's involvement in and liability for alleged discrimination.

By contrast, Klein purports that Defendants' assertion that significant discovery and testimony, which would be irrelevant to the ADEA cause of action, would be necessary on the HRL claims is incorrect. According to Klein, his attempts to mitigate his damages, as well as Fiszman's and Polak's involvement in and liability for the alleged discrimination, are relevant to both the ADEA and nonfederal claim, and the involvement by Fiszman and Polak is also relevant to the question of whether the alleged discrimination was willful, as well as to Klein's proposed retaliation claims, discussed below.

■ Defendants correctly assert that as there is no individual liability under the ADEA, *see, e.g., Naftchi v. New York Univ.,* 14 F.Supp.2d 473, 492 n. 15 (S.D.N.Y.1998); *Storr v. Anderson School,* 919 F.Supp. 144, 146 (S.D.N.Y.1996), the presence of individual defendants who could be liable under state law for conduct that would not give rise to liability under the federal law will create practical difficulties at trial. The risk of jury confusion is a reality. *See Ponticelli v. Zurich American Ins. Group,* 16 F.Supp.2d 414, 440 (S.D.N.Y.1998); *Houston v. Fidelity,* No. 95 Civ. 7764, 1997 WL 97838, at *10 (S.D.N.Y. Mar.6, 1997). The jury will have to be instructed on the primary liability of Star Group, which will be based on the actions of its agents, Fiszman and Polak. The jury will then have to be instructed that if they find Star Group, through the actions of its agents, liable under state law, they have to separately consider whether each of the Individual Defendants is derivatively liable for aiding and abetting Star Group in its discriminatory conduct. The Court will additionally have to determine how to instruct the jury on the different remedies available under the HRL and the ADEA. Again, front pay, and emotional distress are available under the HRLs, and punitive damages are available under the City HRL, but not under the federal law.

Klein maintains that Defendants' belief that jury confusion may occur because certain remedies available under the State HRL and City HRL—such as compensatory damages—are not available under the ADEA overlooks the fact that as compensatory and punitive damages are available in Title VII cases, *see* 42 U.S.C. § 1981a, courts routinely face and resolve this issue in those cases where a Title VII claim coexists with an ADEA claim. Hence, the potential for jury confusion in this case is no greater than that in an action involving Title VII and ADEA claims.

As Klein points out, the grounds under which Defendants have moved are insufficient to warrant declining the exercise of supplemental jurisdiction. In discrimination cases, the Second Circuit has stated that "pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir.1991). As explained by this Court in *Williams v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1004, 1010 (S.D.N.Y. 1990), concerning the contention that the different proof issues relating to the ADEA, the State HRL, and the City HRL will result in jury confusion, "[w]hile there are different proofs in these [federal and state discrimination] claims, this result occurs in virtually all civil rights cases and cannot alone be the basis upon which to deny pendent jurisdiction."

The jury confusion arising out of the differing proofs necessary or remedies available under the various statutes at issue may be abated by proper jury instructions and special verdict forms. *See Erwin–Smith v. K-Mart Corp.*, No. 96 Civ 60, 1997 WL 159288, at *3 (N.D.N.Y. Apr.3, 1997) (observing that "specific verdict sheet questions and charges can cure any confusion that otherwise might result from the different remedies available under Title VII and the [State HRL]"); *Leonard v. Hakuhodo Advertising America, Inc.*, No. 91 Civ. 8684, 1992 WL 400730, at *5–*6 (S.D.N.Y. Dec.23, 1992) (holding that proper jury instructions will avoid jury confusion in a race discrimination action brought under 1981, Title VII, and the State HRL); *Patel v. Lutheran Medical Ctr.*, 753 F.Supp. 1070, 1076 (E.D.N.Y.1990) (exercising supplemental jurisdiction over State HRL claim in an ADEA action and expressing the opinion that the court would be able to manage the differing damage issues at trial).

Additionally, although no federal claims exist against Fiszman and Polak, ADEA claims are still pending against Star Group. The Individual Defendants are the focal point of Klein's allegations and any determination of the ADEA claims necessarily involves the resolution of the allegations forming the basis of the State and City HRL claims against

Fiszman and Polak. *See Harrison*, 6 F.Supp.2d at 235. Since federal courts have exclusive jurisdiction over ADEA claims, dismissing the HRL claims would leave Klein no choice but to proceed in both forums. The possibility of jury confusion, and Defendants' contention of the predominance of state issues, do not justify the duplication and waste that may result from separate proceedings. Something more would be required.

At first blush, district courts in the Second Circuit appear to be split on the question of whether supplemental jurisdiction is appropriate in a case such as this. *Compare, e.g., Harrison v. Banque Indosuez*, 6 F.Supp.2d 224, 234–35 (S.D.N.Y.1998) (exercising supplemental jurisdiction over claims against individuals under the State HRL in a Title VII case); *Sirota v. Welbilt Appliance, Inc.*, 840 F.Supp. 11, 14 (E.D.N.Y.1994) (supplemental jurisdiction over State HRL claim against plaintiff's employer exercised in an ADEA action); *Drummer v. DCI Contracting Corp.*, 772 F.Supp. 821, 831–33 (S.D.N.Y.1991) (pendent jurisdiction exercised over state law sex discrimination claim despite differing legal standards and relief available under the applicable state and federal laws); *Song v. Ives*, 735 F.Supp. 550, 554 (S.D.N.Y.1990) (exercising pendent jurisdiction in Title VII case); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494 (S.D.N.Y.1989) (exercising pendent jurisdiction over Human Rights Law claim), *and Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015, 1017 (S.D.N.Y.1984) (exercising pendent jurisdiction), *with Ponticelli*, 16 F.Supp.2d at 438–440 (refusing to exercise supplemental jurisdiction over HRL claim in a Title VII action because of potential jury confusion and unsettled issue of state law); *Houston*, 1997 WL 97838, at *10–*11 (declining to exercise supplemental jurisdiction over individual defendants in a Title VII and ADEA action primarily because of the potential for confusion on liability and remedies resulting from having multiple individual and corporate entities in the case); *Realmuto v. Yellow Freight Sys., Inc.*, 712 F.Supp. 287, 291 (S.D.N.Y.1989) (refusing to exercise pendent jurisdiction over HRL claim in ADEA action because of potential jury confusion on the issue of damages); *Burger v. Health Ins.*

*Plan*, 684 F.Supp. 46, 50–51 (S.D.N.Y.1988) (finding the potential for jury confusion one reason for dismissing state claims); *Barbetta v. Chemlawn Servs. Corp.*, 669 F.Supp. 569, 571 (W.D.N.Y.1987) (dismissing human rights complaint because of the likelihood of jury confusion); *and Alveari v. American Int'l Group, Inc.*, 590 F.Supp. 228, 232 (S.D.N.Y. 1984) (finding that retention of state claim would complicate what would otherwise be a simple nonjury case).

However, in each of the cases cited above that refused to exercise supplemental jurisdiction, there existed a factor additional to those present here which moved the courts to refuse the exercise of jurisdiction.

This Court, for instance, recently refused to take supplemental jurisdiction over individual defendants in a Title VII action because of unsettled issues of state law and the potential for jury confusion. *See Ponticelli*, 16 F.Supp.2d at 440. Specifically, it was found that it is unsettled under New York State law whether an individual who does not have an ownership interest in the corporation or the power over personnel decisions can be liable under State HRL § 296(6), which states that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." Although the Second Circuit, in *Tomka v. Seiler*, 66 F.3d 1295 (2d Cir.1995), has held that individuals may be liable for aiding and abetting discriminatory conduct prohibited by the HRL if such individuals "actively participate[ ] in the conduct giving rise to a discrimination claim," *id.* at 1317, and the Appellate Division, First Department has adopted *Tomka*'s holding that employee supervisors may be held individually liable as aiders and abetters, *see Steadman v. Sinclair*, 223 A.D.2d 392, 636 N.Y.S.2d 325, 326 (1st Dep't 1996), the Court of Appeals of New York has not spoken on the matter, and the Second Department, as well as at least one lower New York Court, has disagreed with *Tomka*. *See Trovato v. Air Express Int'l*, 238 A.D.2d 333, 334, 655 N.Y.S.2d 656, 657 (2d Dep't 1997) (rejecting *Tomka* and holding that there is no individual liability even under § 296(6) for individuals

who are not "employers and employee-owners or those with specified authority"); *Foley v. Mobil Chemical Co.*, 170 Misc.2d 1, 647 N.Y.S.2d 374, 380–82 (1996) (holding that § 296(6) only applies to parties outside the employment relationship who may assist in employment discrimination).

In *Houston*, 1997 WL 97838, at *10–*11, this Court also declined the exercise of jurisdiction over individual defendants in a Title VII and ADEA action, citing both jury confusion and the unsettled nature of state law as grounds. Defendants here primarily rely on *Houston* in support for their position that jury confusion and predominance of state issues warrant a grant of their motion. Yet they fail to recognize that unsettled state of the law was an additional reason for the decision not to take jurisdiction over the individual defendants. As stated in *Houston*, "[g]iven the unsettled state of the law, it is possible that the parties would have a 'surer-footed' reading of the extent of aiding and abetting liability in state court." *Id.* at *10 (citing *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130).

In *Realmuto*, the deciding factor seemed to be that compensatory damages are not available during the ADEA prelitigation, administrative conciliation process. The court found that allowing pendent jurisdiction would dispel the incentive to resolve disputes during conciliation. *See Realmuto*, 712 F.Supp. at 291 (citing *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147 (2d Cir.1984)).

In *Burger*, an ADEA case, the court wrote that the issue of jury confusion over the difference between damages under the ADEA and state law alone "probably would not persuade the court to decline jurisdiction." *Burger*, 684 F.Supp. at 50 n. 4. The court chose to decline jurisdiction because the plaintiff asked for relief to which she was not entitled and for application of state law on an unprecedented basis. *See id.* at 50.

In *Barbetta*, an additional factor weighing in favor of refusing jurisdiction was that the plaintiff had asserted a claim for intentional infliction of emotional distress. *See Barbetta*, 669 F.Supp. at 571. Finally, in *Alveari*, in addition to the issue of jury confusion over the difference between damages for sex dis-

crimination under Title VII and state law, an ambiguity as to whether the plaintiff had made an election of remedies persuaded the court to avoid the "procedural thicket" surrounding the state law. *Alveari,* 590 F.Supp. at 232 & n. 23.

On the face of the papers submitted by both parties, it appears that there are no additional factors present in this case that tip the balance in favor of declining jurisdiction over the State and City HRL claims against Star Group and the Individual Defendants. A possible concern, however, is the issue of individual liability under state law and its unsettled nature. It is unclear from the parties' papers whether the status of Fiszman and Polak invoke a claim the resolution of which involves the application of law unsettled by the New York courts.

Accordingly, Defendants' motion requesting dismissal of the State and City HRL claims on jurisdictional grounds is denied with leave to renew as regarding the Individual Defendants only.

## II. *The Claims Under the City HRL Will Not Be Dismissed*

■ Defendants urge that the City HRL claims should be dismissed because Klein failed to comply with a statutory prerequisite to filing the City HRL causes of action.

Section 8–502(c) of the New York City Administrative Code requires that "[p]rior to commencing a civil action [under the City HRL] ... the plaintiff shall serve a copy of the complaint upon the city commission on human rights and the corporation counsel." N.Y.C. Admin.Code § 8–502(c). It is undisputed that Klein failed to serve the Complaint on either entity prior to commencing this action. Thus, submit Defendants, these claims must be dismissed. *See Walsh v. Lincoln Savings Bank, FSB,* No. 93 Civ. 1101, 1995 WL 66639, at *1 (S.D.N.Y. Feb.17, 1995) (stating that the filing requirement under § 8–502(c) is mandatory and not subject to interpretation); *Monaco v. Lincoln Savings Bank, FSB,* No. 92 Civ. 7942, 1995 WL 66643, at *1 (S.D.N.Y. Feb.17, 1995) (same); *Lightfoot v. Union Carbide Corp.,* 92 Civ. 6411, 1994 WL 184670, at *5 (S.D.N.Y. May 12, 1994) (dismissing City HRL allegations

where, *inter alia,* plaintiff failed to prove that the complaint was filed with the city and corporation counsel prior to filing the court action).

However, as the Honorable Peter K. Leisure held in *Harrison,* "the majority of Courts in this District, as well as the New York Appellate Division, have concluded that the requirements of § 8–502(c) are not a condition precedent to suit," and, therefore, the failure to serve the Complaint upon the City Commission on Human Rights and the Corporation Counsel is not fatal to the HRL claim. *Harrison,* 6 F.Supp.2d at 234; *see, e.g., Naftchi,* 14 F.Supp.2d at 491; *Westphal v. Catch Ball Prods. Corp.,* 953 F.Supp. 475, 481 (S.D.N.Y.1997); *Kim v. Dial Service Int'l, Inc.,* No. 96 Civ. 3327, 1997 WL 5902, at *7 (S.D.N.Y. Jan.8, 1997); *Luongo v. Nationwide Mutual Ins. Co.,* No. 95 Civ. 3190, 1996 WL 445365, at *3 (S.D.N.Y. Aug.7, 1996); *Persaud v. S. Alexrod Co.,* No. 95 Civ. 7849, 1996 WL 11197, at *6 n. 1 (S.D.N.Y. Jan.10, 1996).

This view is consistent with that of the Appellate Division, First Department. In *Bernstein v.1995 Assocs.,* 217 A.D.2d 512, 630 N.Y.S.2d 68 (1st Dep't 1995), the court reversed the trial court's dismissal based on the failure to give notice and held that the giving of notice to the Commissioner and the Corporation Counsel is not "a condition precedent to maintaining a valid cause of action under Title 8 of the Administrative Code." *Id.* at 515, 630 N.Y.S.2d at 71. Rather, the Appellate Division characterized § 8–502(c) as "a device by which the City Commission ... and the Corporation Counsel would be apprised of any actions commenced under Title 8." *Id.* at 516, 630 N.Y.S.2d at 72; *see Teller v. America West Airlines, Inc.,* 240 A.D.2d 727, 728, 659 N.Y.S.2d 314, 315 (2nd Dep't 1997); *Quirk v. Sherry,* 238 A.D.2d 274, 274, 656 N.Y.S.2d 874, 874 (1st Dep't 1997).

■ According to Defendants, that the New York Court of Appeals has not decided the issue is sufficient reason to deny the exercise of supplemental jurisdiction over the City HRL claims. Defendants invoke 28 U.S.C. § 1367(c)(1), which permits a court to

decline to exercise supplemental jurisdiction where there is a "novel or complex issue of State law." However, Defendants have failed to establish the novelty or complexity of the issue. Indeed, as the *Westphal* court concluded, "[a]bsent compelling indications that *Bernstein* would not be followed by the New York Court of Appeals, and there are none, this Court is obliged to give it great weight in determining the law of New York." *Westphal*, 953 F.Supp. at 481; *see Duffy v. Drake Beam Morin, Harcourt General, Inc.*, No. 96 Civ. 5606, 1998 WL 252063, at *11 n. 8 (S.D.N.Y. May 19, 1998) (asserting that "[w]hatever doubt may have existed before, it is now settled that filing a complaint with the [City Commission and Corporation Counsel] is not a prerequisite to bringing suit under the City [HRL]" (citations omitted)).

Finding that giving notice under § 8–502(c) is not a condition precedent to the maintenance of an action under the City HRL, Defendants' motion to dismiss the City HRL claims is denied. Since Klein will be permitted to amend the Complaint to add a claim of retaliation, as discussed below, he is directed to effectuate service on the proper entities at that time in satisfaction of § 8–502(c). *See Luongo*, 1996 WL 445365, at *3 (holding that subsequent service of amended complaint satisfied the City HRL's requirements).

### III. *Klein's Cross–Motion for Dismissal of Star Group's Counterclaim is Denied, But Klein Is Granted Leave to Amend the Complaint to Include a Cause of Action for Retaliation*

■ In its answer, Star Group has asserted an affirmative defense and counterclaim alleging theft of its trade secrets by Klein. Klein represents that, as the counterclaim is permissive rather than compulsory, there exists no independent basis for jurisdiction for maintaining the counterclaim in this forum, and it therefore must be dismissed.

■ If the counterclaim is permissive, as Klein suggests, it would indeed have to be dismissed because of the absence of an independent jurisdictional predicate. *See Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir.1978); *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1070–71 (2d Cir.1977); *Reeves v. American Broadcasting Cos., Inc.*, 580 F.Supp. 84, 88 (S.D.N.Y.), *aff'd*, 719 F.2d 602 (2d Cir. 1983). However, if it is compulsory, as Defendants contend, an independent basis of federal jurisdiction is not required. *See Harris*, 571 F.2d at 121–22; *Gross*, 563 F.2d at 1070; *Reeves*, 580 F.Supp. at 88.

■ A counterclaim is considered compulsory under Rule 13(a) of the Federal Rules of Civil Procedure "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The "logical relation" test provides the standard for determining the nature of a counterclaim in the Second Circuit. *See Reeves*, 580 F.Supp. at 88; *see also Gross*, 563 F.2d at 1071. Pursuant to this test, a court must " 'analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit ... [P]recise identity of issues and evidence between claim and counterclaim is not required.' " *Reeves*, 580 F.Supp. at 88 (quoting *Harris*, 571 F.2d at 123).

Klein claims that he was constructively discharged because of alleged age discrimination. Defendants' answer provides an alternative basis for why Klein left Star Group's employ—*i.e.*, that Klein left because he knew he would be discharged for his theft of Star Group's trade secrets. The counterclaim against Klein is based on the same transaction and occurrence that is the subject matter of this action as it arises out of Klein's employment with Defendants and the constructive discharge from his employment. Any discovery concerning Klein's performance while employed with Defendants is relevant to this claim, and Klein will not be prejudiced by burdensome discovery outside the scope of the initial claims and counterclaim asserted in this action. Moreover, there is no prejudice to Klein in keeping the counterclaim in the case since the counterclaim is also an affirmative defense, and thus no additional discovery will be required.

In *Deshaw v. Lord & Taylor,* the court allowed the defendant to amend its answer to assert counterclaims for breach of fiduciary duty, unjust enrichment, and tortious interference with economic advantage in an ADEA action, explaining that "there is a 'logical relationship' between the plaintiffs' claim of discriminatory employment practices resulting from [one of the plaintiff's] termination and between defendant's claims that [that plaintiff] violated company policy while employed by defendant." No. 90 Civ. 0490, 1991 WL 107271, at *5 (S.D.N.Y. June 13, 1991); *see Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F.Supp. 57, 64 (S.D.N.Y. 1981). Similarly, in the instant case, there is a connection between Klein's claims of age discrimination resulting in his constructive discharge and Star Group's defense and counterclaim alleging that Klein resigned because of his involvement with the theft of trade secrets.

Accordingly, Klein's cross-motion to dismiss Star Group's counterclaim is denied. Klein, however, is permitted to amend the Complaint to add a cause of action for retaliation.

*Conclusion*

For the reasons set forth above, Defendants' motion to dismiss the state and city causes of action is denied with leave to renew as regarding the Individual Defendants. Klein's cross-motion to dismiss Star Group's counterclaim is also denied. Klein is granted leave to replead within twenty (20) days of this decision so as to add a claim for retaliation. He is also directed to serve the Amended Complaint on the City Commission on Human Rights and the Corporation Counsel within that time.

It is so ordered.