GMA ACCESSORIES, INC. Plaintiff,

v.

IDEA NUOVA, INC., et al., Defendants.

No. 00 Civ. 2732(DC).

United States District Court,
S.D. New York.

Dec. 18, 2000.

The Bostany Law Firm, By: John Bostany, New York, New York, for Plaintiff.

Lennon & Klein, P.C., By: David P. Lennon, New York, New York, for Defendant.

The Law Firm of Jeffrey S. Dweck, P.C., By: Jeffrey S. Dweck, New York, New York, for Defendant.

*MEMORANDUM DECISION*

CHIN, District Judge.

Plaintiff GMA Accessories, Inc. ("GMA") brings this action alleging, *inter alia,* that defendant Idea Nuova, Inc., GMA's competitor in the novelty industry, infringed upon GMA's copyrighted floral designs. In response, Idea Nuova asserts counterclaims against GMA based on GMA's sale of inflatable furniture under trademarks similar to Idea Nuova's "ROOM IN A BOX" mark. Idea Nuova asserts six amended counterclaims for: (1) trademark infringement, false designation of origin,

false description, and false representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (3) cancellation of trademark registration, under Section 37 of the Lanham Act, 15 U.S.C. § 1119(c); (4) "fraudulent trademark registration application," under Sections 35(a) and 38 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1120; (5) declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201; and (6) common law unfair competition.

GMA moves to dismiss the amended counterclaims, contending that because they are permissive rather than compulsory and because they fail to state a claim under federal law, they must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

### A. Facts

The facts as alleged by Idea Nuova and assumed to be true for purposes of this motion, are as follows:

Idea Nuova and GMA are competitors in the business of manufacturing novelty items and selling them to retail stores. (Am.Ans.¶ 120). GMA was started by former employees of Idea Nuova; since its inception in 1990, GMA has hired approximately twenty to twenty-five former Idea Nuova employees, including office workers and designers. (Am.Ans.¶ 122). GMA hires these employees "to ascertain what types of products, designs and labels Idea Nuova is going to sell in the coming seasons" so that it may develop similar, competitive products. (Am.Ans.¶ 123).

One product Idea Nuova creates, designs, and markets is inflatable furniture made from flexible polyvinyl chloride or "PVC." (Am.Ans.¶ 80). Idea Nuova's inflatable PVC furniture is regarded by wholesalers, retailers, and consumers as being of the "highest quality." (Am. Ans.¶ 81). Since 1998, Idea Nuova has sold its inflatable PVC furniture in a "single and novel package" marketed under the trademark "ROOM IN A BOX." [1] (Am. Ans.¶ 82). "During all relevant times," Idea Nuova has continuously used the ROOM IN A BOX trademark in connection with its inflatable PVC furniture. (Am.Ans.¶ 83). In addition, through its wide distribution and extensive sales, "the ROOM IN A BOX trademark has developed a secondary meaning and a significance in the minds of the purchasing public," such that the public readily identifies the trademark with Idea Nuova's distinctive furniture. (Am.Ans.¶¶ 84–85). Idea Nuova has spent substantial sums of money advertising its ROOM IN A BOX product, and, as a result of its efforts, the ROOM IN A BOX trademark has become an "extremely valuable asset" of Idea Nuova. (Am.Ans.¶¶ 86–87).

In late 1998 or early 1999, after Idea Nuova began using the ROOM IN A BOX trademark in connection with its inflatable PVC furniture, GMA began selling its own inflatable PVC furniture under the names "Inflatable Room In A Box," "Bathroom In

---

**1.** Although Idea Nuova repeatedly refers to itself as "defendant" in its counterclaims, paragraph 82 of its counterclaims alleges that "[p]laintiff designed, and then began manufacturing and selling its highly stylized inflatable furniture in or about 1998. Plaintiff sold various items of its inflatable PVC furniture in a single and novel package, and adopted and otherwise used in commerce the trademark ROOM IN A BOX." (Am.Ans.¶ 82). From the context, the Court assumes the references to "plaintiff" to be an error.

A Box," and "Room On The Run." [2] (Am. Ans.¶ 89). Idea Nuova alleges that GMA's use of these names in connection with the sale of inflatable PVC furniture "is likely to cause confusion and mistake in the minds of the purchasing public" by creating the impression that GMA's furniture is "authorized, sponsored, or approved by Idea Nuova." (Am.Ans.¶ 91). Idea Nuova further alleges that GMA intentionally and wilfully adopted marks that are "confusingly similar" to Idea Nuova's ROOM IN A BOX trademark in an effort to take unfair advantage of Idea Nuova's goodwill and reputation. (Am.Ans.¶¶ 92–93). Finally, Idea Nuova asserts that GMA's use of confusingly similar marks "dilute[s] the distinctive quality of defendant Idea Nuova's names." (Am.Ans.¶ 116).

In January 1999 and again in May 1999, Idea Nuova demanded that GMA cease and desist from using names or marks confusingly similar to Idea Nuova's ROOM IN A BOX mark. (Am.Ans.¶ 94). GMA did not comply with the demand; instead, it filed an application with the Patent and Trademark Office ("PTO") to trademark the name "Room in A Box" for use on "inflatable toy furniture." (Am.Ans.¶ 95). GMA's application for the "Room in a Box" trademark was "suspended" because the PTO determined that another company— not Idea Nuova—had "first use" of the mark. (Affirmation of Michele Ficarra, dated Aug. 4, 2000, ¶ 5).[3] Indeed, it appears that at least four non-parties to this action have, at some point, registered the mark "ROOM IN A BOX" or variations thereof. (Ficarra Aff. ¶¶ 6–7, Ex. D). Idea Nuova has not disputed that it never

attempted to register the ROOM IN A BOX trademark.

### B. *Prior Proceedings*

On August 7, 2000, GMA moved to dismiss Idea Nuova's counterclaims, contending that because the counterclaims: (1) are permissive rather than compulsory, and (2) fail to state a federal cause of action, they must be dismissed pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). On September 5, 2000, Idea Nuova both opposed the motion and amended its counterclaims to address some of the pleading defects identified in GMA's motion. *See* Fed. R.Civ.P. 15(a); *Rose v. Associated Univs., Inc.,* No. 00 Civ. 0460, 2000 WL 1457115, at *3 (S.D.N.Y. Sep. 28, 2000) (motion to dismiss is not a responsive pleading). Unsatisfied, GMA moved to dismiss the amended counterclaims on the same grounds it previously raised.

### DISCUSSION

### A. *Motion to Dismiss Standard*

In reviewing a motion to dismiss, I must accept the factual allegations set forth in the complaint (or, as here, a counterclaim) as true, and draw all reasonable inferences in favor of the plaintiff. *See Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). A complaint may not be dismissed under Fed.R.Civ.P. 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In

---

**2.** The parties are inconsistent in their capitalization of the various trademarks. Where quoting, the Court will follow the parties' usage.

**3.** When deciding a motion pursuant to Fed. R.Civ.P. 12(b)(1), the Court may consider affidavits and other evidence outside the pleadings. *See Gianni Sport Ltd. v. Metallica,* No. 00 Civ. 0937, 2000 WL 1773511, at *2 (S.D.N.Y. Dec. 4, 2000) (citing *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986)).

other words, the issue before the Court on a motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (citation omitted), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996).

## B. *Compulsory v. Permissive Counterclaims*

■ Pursuant to Fed.R.Civ.P. 13(a), "[a] pleading shall state as a counterclaim any claim [that] ... arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." A counterclaim is compulsory when a "logical relationship exists between the claim and the counterclaim and ... the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991) (internal quotations omitted); *see AT & T Corp. v. American Cash Card Corp.*, 184 F.R.D. 515, 519 (S.D.N.Y.1999) (quoting same). A compulsory counterclaim need not have an independent basis of federal jurisdiction. *See Klein v. London Star Ltd.*, 26 F.Supp.2d 689, 697 (S.D.N.Y.1998) (citing *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir.1978)).

■ In contrast, a counterclaim that does not arise out of the same transaction or occurrence as the opposing party's claim is deemed "permissive," *see* Fed. R.Civ.P. 13(b), and must be dismissed absent "an independent jurisdictional predicate." *Klein*, 26 F.Supp.2d at 697. Here,

Idea Nuova does not contest GMA's characterization of its counterclaims as permissive. Rather, Idea Nuova alleges that its counterclaims do have an independent jurisdictional predicate; that is, the counterclaims are sufficient to state a claim under the Lanham Act.

## C. *Section 43(a) of the Lanham Act*

■ Idea Nuova asserts a counterclaim for trademark infringement, false designation of origin, false description, and false representation pursuant to section 43(a) of the Lanham Act. Section 43(a) provides protection for unregistered marks by giving "a producer a cause of action for the use by any person of 'any word, term, name, symbol, or device, or any combination thereof ... which is likely to cause confusion ... as to the origin, sponsorship, or approval or his or her goods....'" *Wal–Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 120 S.Ct. 1339, 1342, 146 L.Ed.2d 182 (2000) (quoting 15 U.S.C. § 1125(a)). To be entitled to protection under § 43(a), a mark must be distinctive. A word mark, such as ROOM IN A BOX,[4] may be distinctive in one of two ways. First, the mark may be "inherently distinctive," meaning "[its] intrinsic nature serves to identify a particular source." *Id.* at 1343. Word marks are held to be inherently distinctive if they are "arbitrary," "fanciful," or "suggestive." *Id.* (citing *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 10–11 (2d Cir. 1976)); *see BigStar Entertainment, Inc. v. Next Big Star, Inc.*, 105 F.Supp.2d 185, 195–98 (S.D.N.Y.2000).

■ Second, a word mark that is not inherently distinctive is still entitled to protection if it has "acquired distinctiveness" by developing a secondary meaning.

---

4. Idea Nuova does not appear to be alleging a claim for trade dress infringement based on GMA's manufacture and sale of inflatable PVC furniture.

*Wal–Mart,* 120 S.Ct. at 1343. A mark has a secondary meaning "when, 'in the minds of the public, the primary significance of [the mark] is to identify the source of the product rather than the product itself.'" *Id.* (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851, n. 11, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)). Marks that are not suggestive, arbitrary, or fanciful, but rather "descriptive" in nature require a showing of secondary meaning to be eligible for protection under § 43(a). *See BigStar,* 105 F.Supp.2d at 196 (discussing difference between suggestive and descriptive terms); *see also La Cibeles, Inc. v. Adipar, Ltd.,* No. 99 Civ. 4129, 2000 WL 1253240, at *5 (S.D.N.Y. Sept. 1, 2000) (proof of secondary meaning not required for suggestive marks). GMA contends that Idea Nuova fails to state a claim under § 43(a) because it has not sufficiently alleged that ROOM IN A BOX has either inherent or acquired distinctiveness.

■ Idea Nuova has alleged, however, that the ROOM IN A BOX mark "has developed a secondary meaning and significance in the minds of the purchasing public" and that the public "immediately identif[ies]" inflatable PVC furniture bearing the ROOM IN A BOX name with Idea Nuova. (Am.Ans.¶ 84). Because Idea Nuova has sufficiently alleged secondary meaning, I need not decide at this time whether ROOM IN A BOX is suggestive, such that it is eligible for protection under the Lanham Act without proof of secondary meaning, or descriptive, such that proof of secondary meaning is required. It is certainly possible that Idea Nuova will be unable to substantiate its allegations. Nevertheless, at this early juncture I am required to accept the truth of the allegations in the amended counterclaims. Accordingly, GMA's motion to dismiss Idea Nuova's § 43(a) claim is denied.

### D. *Federal Trademark Dilution Act*

Idea Nuova alleges dilution of its ROOM IN A BOX trademark pursuant to the Federal Trademark Dilution Act ("FTDA"), § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The FTDA provides in relevant part:

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark.

15 U.S.C. § 1125(c)(1). Dilution is defined as: "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of—(1) competition between the owner of the famous mark and other parties, or (2) likelihood of confusion, mistake, or deception." 15 U.S.C. § 1127.

■ There are "five necessary elements" to a claim of trademark dilution under the FTDA: "(1) the senior mark must be famous; (2) it must be distinctive; (3) the junior use must be a commercial use in commerce; (4) it must begin after the senior mark has become famous; and (5) it must cause dilution of the distinctive quality of the senior mark." *Nabisco, Inc. v. PF Brands, Inc.,* 191 F.3d 208, 215 (2d Cir.1999); *see Cello Holdings, L.L.C. v. Lawrence–Dahl Cos.,* 89 F.Supp.2d 464, 472 (S.D.N.Y.2000). GMA's sole argument in support of its motion to dismiss Idea Nuova's amended counterclaim for trademark dilution is that Idea Nuova failed to allege that GMA's "use of the mark began 'after the senior mark has become famous.'" (GMA Rep. Br. pp. 1–2) (quoting *Nabisco,* 191 F.3d at 215).

■ Idea Nuova has alleged, however, that its ROOM IN A BOX mark is "famous" and "distinctive." (Am.Ans.¶¶ 85, 99). In addition, Idea Nuova has alleged that GMA's manufacture and sale of inflatable furniture under names allegedly similar to Idea Nuova's ROOM IN A BOX began after Idea Nuova "adopted and used the ROOM IN A BOX trademark" and that GMA "wilfully intended to trade on Idea Nuova's reputation and/or to cause dilution of Idea's Nuova's famous" mark. (Am.Ans.¶¶ 89, 99). Although Idea Nuova's ultimate ability to prevail on its FTDA claim is questionable, at this early stage Idea Nuova has pleaded the elements of its claim.

### E. Section 37 of the Lanham Act

■ Idea Nuova seeks to "cancel" GMA's "Room In a Box" trademark application and GMA's "Room on the Run" trademark registration pursuant to § 37 of the Lanham Act, 15 U.S.C. § 1119. GMA first argues that Section 37 is inapplicable to its pending trademark application. I agree.

Section 37 provides in relevant part: "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. Thus, by its terms, § 37 contemplates an action involving a registered trademark. *See id.; see also In re Falchi*, No. 97 B 43080, 1998 WL 274679, at *7 (Bankr.S.D.N.Y. May 27, 1998) ("to obtain an order cancelling a trademark registration under § 37 ... plaintiff must

allege a controversy as to the validity of or interference with a registered trademark"); *Universal Sewing Machine Co. v. Standard Sewing Equip. Corp.*, 185 F.Supp. 257, 260 (S.D.N.Y.1960) (Section 37 assumes an action involving a registered mark). Idea Nuova cites no authority for the proposition that § 37 permits a district court to cancel a pending trademark application.[5] Accordingly, Idea Nuova's § 37 claim to "cancel" GMA's as yet unregistered trademark, "Room in a Box," is dismissed.

■ GMA next argues that there is no other justiciable controversy between the parties involving GMA's registered trademark, Room on the Run, and that the Court therefore lacks subject matter jurisdiction to entertain an action for the mark's cancellation. Section 37 "assume[s] a properly instituted and otherwise jurisdictionally supported action involving a registered trademark." *Moog Controls, Inc. v. Moog, Inc.*, 923 F.Supp. 427, 431 (W.D.N.Y.1996). Thus, a party cannot seek cancellation offensively and rely solely upon that claim for federal jurisdiction. *Id.* Here, however, Idea Nuova claims that GMA's use of the Room on the Run trademark infringes Idea Nuova's ROOM IN A BOX mark in violation of § 39(a) of the Lanham Act. There exists an independent basis for federal jurisdiction "involving" GMA's registered trademark; accordingly, GMA's second argument is rejected. As GMA does not challenge Idea Nuova's standing to seek cancellation of GMA's trademark or its purported basis for doing so, I need not and do not reach these issues. *See, e.g., Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000).

---

5. *Goya Foods v. Tropicana Prods., Inc.*, 846 F.2d 848, 854 (2d Cir.1988), cited by Idea Nuova, does not provide such authority; there, the Second Circuit merely held that the

doctrine of primary jurisdiction does not require a court to stay a trademark infringement litigation pending the outcome of a PTO registration proceeding.

## F. Sections 35(a) and 38 of the Lanham Act

Idea Nuova asserts a claim pursuant to Sections 35(a) and 38 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1120, entitled "fraudulent trademark registration application." (Am.Ans.¶¶ 109–10). The claim seeks "damages as a result of GMA's improper federal trademark registration applications" and attorneys' fees. The amended counterclaims do not make clear whether Idea Nuova is referring to GMA's registered trademark, "Room on the Run," or pending trademark application, "Room in a Box."

### 1. Section 35(a)

"Section 35(a) of the Lanham Act governs claims for monetary relief and attorney fees made by plaintiffs who have successfully established a trademark violation." *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.,* 80 F.3d 749, 752 (2d Cir.1996). The statute provides in relevant part: "the plaintiff shall be entitled, ... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action...." 15 U.S.C. § 1117(a). In addition, the court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." *See id.; International Star,* 80 F.3d at 752. GMA contends that Idea Nuova's Section 35(a) claim must be dismissed because (1) Section 35(a) is inapplicable to unregistered marks, and (2) Idea Nuova does not state a claim under § 1125(a).

By its terms, Section 35(a) applies to violations of § 1125(a)—the section of the Lanham Act that provides protection for unregistered marks—accordingly, GMA's

first argument is rejected. GMA's second argument is rejected as well, as I have previously held that Idea Nuova's claim for violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), survives the motion to dismiss. Moreover, Idea Nuova has alleged that GMA intentionally created confusion to deceive prospective purchasers. This allegation, if true, could support a claim under Section 35(a).[6] *See International Star,* 80 F.3d at 754 (citing Restatement (Third) of Unfair Competition § 37 cmt. e (1995)); *United Greeks, Inc. v. Klein,* No. 00 Civ. 0002, 2000 WL 554196, at *2 (N.D.N.Y. May 2, 2000). Accordingly, GMA's motion to dismiss Idea Nuova's Section 35(a) claim is denied.

### 2. Section 38

Idea Nuova also purports to bring its claim for attorneys' fees and damages pursuant to Section 38 of the Lanham Act. Section 38 provides in relevant part:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120.

To the extent Idea Nuova is alleging a claim based on GMA's suspended "Room In A Box" trademark application, the claim must fail; by its terms Section 38, 15 U.S.C. § 1120, does not apply to trademark applications that have not been registered. *See Bernard v. Commerce Drug Co.,* 774 F.Supp. 103, 109 (E.D.N.Y.1991), *aff'd,* 964 F.2d 1338 (2d Cir.1992). To the extent Idea Nuova's claim is instead based

---

**6.** It is unclear why Idea Nuova purports to base its Section 35(a) claim for damages and fees on alleged false statements GMA made in its trademark applications; such statements are not a prerequisite to recovery under Section 35(a).

on GMA's registered "Room on the Run" trademark, it fares no better.

■ First, attorneys' fees are ordinarily not recoverable under § 38. *See Havana Club Holding, S.A. v. Galleon, S.A.,* No. 96 Civ. 9655, 1998 WL 150983, at *2 (S.D.N.Y. Mar. 31, 1998) (citing *Blue Bell, Inc. v. Jaymar–Ruby, Inc.,* 497 F.2d 433, 439 (2d Cir.1974)). Although it is possible "fees could be awarded in a case where an absolutely false registration was fraudulently obtained solely for the purpose of instituting completely vexatious litigation," Idea Nuova has failed to plead that GMA filed a trademark application "solely ... to facilitate meritless litigation." *Havana Club,* 1998 WL 150983, at *2 (granting motion to dismiss § 38 claim) (internal quotation marks and citation omitted).

■ Second, a claim for fraudulent registration under § 38, like any fraud claim, must comply with the heightened pleading standards of Fed.R.Civ.P. 9(b). *See Havana Club,* 1998 WL 150983, at *3 n. 8; *see also* Fed.R.Civ.P. 9(b) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). The heightened pleading requirements apply to each element of the fraud claim. *See Havana Club,* 1998 WL 150983, at *3. Here, Idea Nuova has failed to plead its claim with the requisite degree of particularity.

■ In support of its claim, Idea Nuova points to paragraph 97 of its amended counterclaims, which states:

> Upon information and belief, plaintiff GMA knowingly and intentionally made false and fraudulent representations in its trademark applications that, *inter alia,* it was the owner of the "Room in A Box" mark and the "Room on the Run" mark and that no other person or entity has the right to use those marks in commerce or other marks likely to cause confusion or to cause mistake, or to deceive.

(Am.Ans. P. 97). In general, a party pleading fraud may not do so on "information and belief." An exception to this general rule exists when the facts underlying the fraud are peculiarly in the other party's knowledge. Even then, however, the party pleading fraud "bears the burden of alleging the facts upon which [its] belief is founded." *Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 101 (S.D.N.Y.1997) (citing *Di-Vittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242 (2d Cir.1987)). Idea Nuova has failed to show that the exception applies in this case.

■ In addition, Idea Nuova has failed to plead two elements of its fraud claim—causation and damages—at all, much less with particularity; that is, it has failed to plead how it was injured as a result of GMA's allegedly false statement on its Room on the Run application. *See, e.g. Havana Club,* 1998 WL 150983, at *3. Indeed, Idea Nuova has not even made the conclusory allegation that it lost sales due to the statement. Accordingly, GMA's motion to dismiss Idea Nuova's § 38 claim is granted.

### G. *Declaratory Judgment*

Idea Nuova seeks a declaration pursuant to 28 U.S.C. § 2201 that GMA's use of the ROOM IN A BOX mark "in connection with the sale of inflatable furniture ... would constitute an infringement of defendant Idea Nuova's trademark." (Am. Ans.¶ 112). GMA moves to dismiss the claim pursuant to Fed.R.Civ.P. 12(b)(1), arguing that (1) the Declaratory Judgment Act does not provide Idea Nuova with a basis for subject matter jurisdiction, and (2) Idea Nuova's claim for declaratory relief is not justiciable by this Court because there is no "actual controversy" between the parties.

It is well-settled that the Declaratory Judgment Act is not itself an independent basis for subject matter jurisdiction. *See Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir.1996). In addition, the Declaratory Judgment Act "permits declaratory relief only in cases presenting 'actual controvers[ies],' ... a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution." *Id.* The test for whether an "actual controversy" exists in the context of trademark litigation has two prongs,

> both of which must be satisfied in order to establish declaratory judgment jurisdiction: (1) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff, and (2) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant.

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595 (2d Cir.1996). The latter prong is usually met by showing that the plaintiff has "a definite intent and apparent ability to commence use of the mark[ ]." *Id.* (internal quotations omitted); *see Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937, 2000 WL 1773511, at *3 (S.D.N.Y. Dec. 4, 2000) (standard intended to "prevent parties with merely a vague and unspecific desire to use a mark from seeking an opinion on hypothetical facts") (internal quotations omitted).

A declaratory plaintiff in a trademark action is, in most instances, seeking a declaration that it is free to use a mark without incurring liability for infringement. *See, e.g. Starter Corp.*, 84 F.3d at 594; *Gianni*, 2000 WL 1773511, at *1. Here, however, counterclaim plaintiff Idea Nuova is seeking a declaration that GMA's use of the mark ROOM IN A BOX infringes Idea Nuova's trademark. Accordingly, it is necessary to reverse the nomenclature of the parties when applying the *Starter Corp.* test.

Applying this test, it is clear that Idea Nuova has not sufficiently pled that GMA has "a definite intent and apparent ability to commence use of" the ROOM IN A BOX mark. The amended counterclaims do not allege that GMA engaged in any "meaningful preparation" with respect to using the mark. *See Starter Corp.*, 84 F.3d at 596–97. Idea Nuova's allegation that GMA filed an application to trademark "Room in a Box"—an application that the PTO has since suspended—at most shows that GMA has a "vague or general desire" to use the mark. *Starter Corp.*, 84 F.3d at 596. Such allegations are insufficient to establish the existence of an actual controversy. Accordingly, Idea Nuova's claim for declaratory relief is dismissed for lack of subject matter jurisdiction.[7]

### H. *Unfair Competition*

GMA has not moved to dismiss Idea Nuova's common law unfair competition claim pursuant to Fed.R.Civ.P. 12(b)(6). Because Idea Nuova states a claim under the Lanham Act, I will exercise supplemental jurisdiction over its related unfair competition claim pursuant to 28 U.S.C. § 1367. *See, e.g. Hofmann v. Kleinhan-*

---

7. In its opposition papers, Idea Nuova seeks to bolster its claim for declaratory relief by arguing that "there is a controversy regarding Idea Nuova's claim that GMA's 'Inflatable Room In A Box,' 'Bathroom In A Box,' and/or 'Room On The Run,' names infringe on Idea Nuova's ROOM IN A BOX mark." (Idea Nuova Mem. p. 6). Idea Nuova does not seek such broad declaratory relief in its amended counterclaims, however, and it cannot supplement or amend its claims by way of argument.

*dler,* No. 93 Civ. 5638, 1994 WL 240335, at *6–7 (S.D.N.Y. May 31, 1994) (exercising supplemental jurisdiction over state law unfair competition claim) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–28, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss Idea Nuova's amended counterclaims is granted in part and denied in part. Idea Nuova's amended counterclaims seeking relief (1) under § 37 of the Lanham Act, 15 U.S.C. § 1119, with respect to GMA's unregistered trademark, (2) § 38 of the Lanham Act, 15 U.S.C. § 1120, and (3) the Declaratory Judgment Act, 28 U.S.C. § 2201, are dismissed.

SO ORDERED.